956 F.2d 1169
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Steven R. WINKELMAN, Defendant-Appellant.
 No. 91-30199.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 10, 1992.
Decided March 4, 1992.
 
 Before EUGENE A. WRIGHT, WILLIAM A. NORRIS, and CYNTHIA HOLCOMB HALL, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Appellant Steven Winkelman plead guilty to one count of manufacturing 1,000 or more marijuana plants in violation of 21 U.S.C. 841(a)(1), and one count of possessing an unregistered firearm in violation of 26 U.S.C. 5861. He was sentenced to 120 months of imprisonment. He appeals his sentence on the grounds that several aspects of the sentencing statute and guidelines violate due process. The district court had jurisdiction under 18 U.S.C. 3231. We have jurisdiction over this timely appeal under 28 U.S.C. 1291. We affirm.
 
 
 3
 * Winkelman was arrested by local authorities for possession of the marijuana plants, but his case was subsequently referred to the United States Attorney. Relying on United States v. Roberts, 726 F.Supp. 1359 (D.D.C.1989), Winkelman argues that the federal sentencing guidelines violate due process where law enforcement authorities have no standards by which to determine which cases will be prosecuted by local authorities and which by federal authorities. In Roberts, the court concluded that the "transfer of sentencing authority from the judge to the prosecutor" under the U.S. Sentencing Guidelines violates due process. Id. at 1367-68. And it specifically held that the transfer of authority occasioned by the unfettered ability of a prosecutor to transfer cases from the local to the federal system violated due process. Id. at 1368, 1372-73.
 
 
 4
 Roberts was recently reversed by United States v. Mills, 925 F.2d 455, 465 (D.C.), cert. denied, 112 S.Ct. 268 (1991), but this Circuit had earlier declined to follow it. In United States v. Sanchez, 908 F.2d 1443, 1445 (1990), we rejected a due process challenge to federal prosecutors' power to determine sentences under the Guidelines. "As long as the decision to prosecute is not 'deliberately based upon an unjustifiable standard such as race, religion, or other arbitrary classification,' the prosecutor's charging discretion remains unfettered." Id. (quoting Wayte v. United States, 470 U.S. 598, 608 (1985)). And recently, a panel of this court rejected a due process challenge to prosecutorial discretion on even broader grounds, holding that no judicial remedy exists "for what may be a violation of a constitutional right--not to have charging or plea bargaining decisions made in an arbitrary or capricious manner." United States v. Redondo-Lemos, No. 90-10430, slip op. at 1158 (9th Cir. February 5, 1992).
 
 
 5
 Even if such a remedy did exist, however, Winkelman has not alleged any form of discriminatory or selective prosecution and we therefore decline to find that his right to due process was violated when his case was transferred to a federal forum.
 
 II
 
 6
 The same reasoning requires us to reject Winkelman's argument that the United States Attorney's discretion to determine whether or not an individual will receive a sentence below the statutory minimum based on a plea bargain or a cooperation agreement violates due process. Once again, the issue is the prosecutor's power to determine sentences, and once again we must conclude that absent discriminatory motive, the prosecutor's discretion is unfettered. Sanchez, 908 F.2d at 1445; cf. Redondo-Lemos, slip op. at 1158. Indeed, this court has specifically held that the discretion Congress has lodged with the United States Attorney to reduce sentences below the mandatory minimum does not violate due process. United States v. Ayarza, 874 F.2d 647, 656 (9th Cir.1989), cert. denied, 493 U.S. 1047 (1990). See also United States v. Kidder, 869 F.2d 1328, 1335-36 (9th Cir.1989).
 
 III
 
 7
 Finally, Winkelman alleges that 21 U.S.C. 841(b)(1)(A), which imposes a mandatory minimum sentence of ten years for manufacturing 1000 marijuana plants violates due process and equal protection because the court possessed no factual foundation upon which to conclude that 1000 plants yields 1000 kilograms of marijuana.
 
 
 8
 Winkelman's argument fails for two reasons. First, he confuses section 841(b)(1)(A) with an equivalency based statute such as United States Sentencing Guidelines Section 2D1.1. Section 841(b)(1)(A) does not purport to establish an equivalency between a certain number of unharvested plants and a certain weight of harvested marijuana. It simply imposes the ten year mandatory minimum for manufacture of "1,000 or more marijuana plants regardless of weight." 21 U.S.C.A. § 841(b)(1)(A) (West Supp.1991). Thus Winkelman's equivalency arguments are irrelevant. In any case, Congress may, if it chooses, impose the same penalty for 1000 kilograms of marijuana as it does for 1000 marijuana plants. United States v. Motz, 936 F.2d 1021, 1025 (9th Cir.1991).
 
 IV
 Appellant's sentence is
 
 9
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3